**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0414-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EVAN WALKER,

    Defendant-Appellant.

_____

Submitted November 16, 2021 – Decided June 21, 2022

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. 19-018.

Albert P. Mollo, attorney for appellant.

Lori Linskey, Acting Monmouth County Prosecutor, attorney for respondent (Maura K. Tully, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Evan Walker appeals from the September 29, 2019 order of the Law Division convicting him after a trial de novo of driving while intoxicated (DWI), N.J.S.A. 39:4-50.  We affirm.

I.

On September 30, 2018, an Aberdeen Township police officer pulled defendant over for driving through a red light.  Defendant stopped his car in the parking lot of his condominium complex.  After speaking with defendant, the officer administered three field sobriety tests.  A dashboard camera in the officer's patrol car recorded the administration of the tests.  Based on defendant's performance, the officer charged him with DWI.[1]

In the municipal court, defendant's counsel and the prosecutor stipulated that during the traffic stop defendant: (1) had bloodshot eyes; (2) smelled of alcohol; (3) admitted he had consumed alcohol that evening; and (4) was calm, polite, and cooperative.  The parties also agreed that the Alcotest breath sample test results taken from defendant would not be admitted as evidence.

No testimony was adduced at trial.  The stipulations and the recording were introduced into evidence without objection.  The municipal court judge reviewed the recording prior to the start of trial and issued an oral opinion:

---

[1]  The officer also charged defendant with motor vehicle offenses not before us.

Yes, I had a chance to spend some time watching the video, watched it twice. I took notes as I watched it.

And it occurred on September 30, 2018 around midnight. Officer MacDougall is the one administering the test. And I will say that from the beginning Mr. Walker was in fact calm, polite and cooperative. He was not evasive in any way. He did sway a little on the [horizontal gaze nystagmus (HGN) test].

On the walk[-]and[-]turn test he stumbled at the start and was swaying. He crossed his legs over and he staggered on the turn. And also didn't have the right number of steps. But staggered on the turn was a big one with me. So that, to me that is a fail.

On the leg lift [test], he lifted his leg too high. Again he swayed, he was moving side to side, could not complete the test, so that to me was a fail.

And I did notice in the very beginning there was a slight sway so in my, in my opinion that is a sign of impairment. So I do make the finding of guilt to the DWI.

The judge imposed the minimum sentence for a first DWI offense: a three-month loss of driving privileges, fines, penalties, and twelve hours in the intoxicated drivers resource center.[2]

---

[2] Defendant's brief states he entered a conditional plea to DWI in the municipal court, followed by a citation to a page that does not exist in the municipal court transcript. It appears the statement regarding the plea is an error.

On appeal before the Law Division, defendant argued that an observational DWI conviction cannot be established without testimonial evidence from the police officer who administered the field sobriety tests that a defendant's recorded performance is indicative of intoxication. In the alternative, defendant argued that his ability to perform the tests was undermined by the flip-flops he was wearing and the location of the tests in an area where others could see him. Defendant's counsel acknowledged that the recording depicts the officer asking defendant if there were any limitations on his ability to perform the tests, to which he responded in the negative.

In an oral opinion, the Law Division judge rejected defendant's argument with respect to the need for the officer's testimony. In addition, the judge, after reviewing the recording, found defendant "swayed slightly" during the HGN test, "wobbled, swayed, used his arms for balance and fell off the line" during the walk-and-turn test, and when he tried to perform the test a second time, "wobbled and hesitated with each step he took."

The judge also found that when performing the one-legged stand test, defendant "was wobbly" and "had difficulty maintaining the six[-]inch he[e]l lift," and "raised his arms to his side for balance, and had to restart the test after dropping his foot to the ground about six seconds in." The judge continued,

On a second attempt the defendant again wobbled slightly, but maintained the six[-]inch he[e]l lift for a count of [thirteen] one thousands before dropping his foot to the ground without being instructed to do so.

He then raised both hands while shrugging his shoulders and stated, ["]I know.["]

The judge concluded the stipulated facts and defendant's performance on the field sobriety tests "in combination demonstrates there's ample evidence to support a conclusion the defendant was driving under the influence of alcohol." The judge rejected defendant's arguments with respect to his flip-flops and the testing location. He imposed the same sentence as did the municipal court judge. A September 9, 2019 order memorializes the court's decision.

This appeal follows. Defendant makes the following arguments.

POINT I

DEFENDANT IS NOT GUILTY OF DRIVING WHILE INTOXICATED

POINT II

GUILT OF DRIVING UNDER THE INFLUENCE OF ALCOHOL CANNOT BE PROVEN BEYOND A REASONABLE DOUBT WITHOUT TESTIMONIAL EVIDENCE.

A-0414-19

II.

The Law Division reviews municipal court determinations de novo on the record. R. 3:23-8(a)(2). That court gives no deference to a municipal court's findings of facts or conclusions of law but should generally defer to a municipal court's credibility findings. See State v. Robertson, 228 N.J. 138, 147 (2017). We review "de novo verdict[s] after a municipal court trial . . . to 'determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

We also give deference to the trial court's factual determinations. Johnson, 42 N.J. at 161. Moreover, we give greatest deference when the municipal court and Law Division make concurrent factual findings, unless there is a "very obvious and exceptional showing of error." State v. Locurto, 157 N.J. 463, 474 (1999). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995).

A-0414-19

New Jersey prohibits a person from operating a motor vehicle "while under the influence of intoxicating liquor . . . , or . . . with a blood alcohol concentration [(BAC)] of 0.08% or more by weight of alcohol in the defendant's blood. . . ." N.J.S.A. 39:4-50(a).  The statute provides two alternative methods by which driving while intoxicated may be proven: by observation or per se BAC reading.  See State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003).  Ultimately, "[t]he vital requirement of [the statute] is operation 'under the influence of intoxicating liquor.'"  Johnson, 42 N.J. at 164.

Impairment may be proven observationally through a defendant's "slurred speech, loud and abrasive behavior, disheveled appearance, red and bloodshot eyes [or a] strong odor of alcoholic beverage on [the] breath . . . ."  State v. Cryan, 363 N.J. Super. 442, 455-56 (App. Div. 2003).  "[T]he erratic manner or result" of a defendant's driving is also admissible as evidence of illegal impairment.  Johnson, 42 N.J. at 165.  Any factor alone may be insufficient to carry the State's burden, but, in combination, can "more than ampl[y] . . . support the conclusion that [a] defendant was driving under the influence of alcohol . . . ."  State v. Kent, 391 N.J. Super. 352, 384 (App. Div. 2007).

We begin with defendant's argument that his conviction is per se invalid because the record contains no testimonial evidence.  "Under the invited error

7

doctrine, 'trial errors that were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal.'" State v. Muafo, 222 N.J. 480, 487 (2015) (quoting State v. A.R., 213 N.J. 542, 561 (2013)). "The doctrine acknowledges the common-sense notion that a 'disappointed litigant' cannot argue on appeal that [such] a prior ruling was erroneous . . . ." A.R., 213 N.J. at 561 (quoting N.J. Div. of Youth & Fam. Servs. v. M.C., III, 201 N.J. 328, 340 (2010)). "Some measure of reliance by the court is necessary for the invited-error doctrine to come into play." State v. Jenkins, 178 N.J. 347, 359 (2004).

The record unequivocally establishes that defendant's counsel agreed to have the municipal court judge try this matter based on the stipulations and the recording without testimony from the officer who arrested defendant. No objection was made to the procedure. To the contrary, defendant's counsel offered a summation urging the court to conclude defendant's performance as depicted on the recording was not indicative of intoxication beyond a reasonable doubt. The State has represented to this court that had defendant not acquiesced in the manner in which the trial was conducted, it was prepared to produce the officer to testify regarding the details of defendant's arrest. Defendant's argument on this point, therefore, is barred.

With respect to the sufficiency of the evidence supporting defendant's conviction, we have carefully reviewed the record, including the recording, and find no basis to conclude there is an "obvious and exceptional error" in the concurrent findings of the municipal court and Law Division judges regarding defendant's impairment at the time of his arrest. The recording, which plainly depicts defendant stumbling, wobbly, and unable to follow instructions, along with the stipulated facts, provide sufficient support for a conclusion beyond a reasonable doubt that he was intoxicated while operating his motor vehicle, from which he alighted minutes before administration of the tests.

We also are not persuaded by defendant's claim that his flip-flops and his neighbor's ability to see the administration of the tests undermined the validity of his performance as evidence of intoxication. Defendant offered no evidence that these conditions affected his performance and our review of the recording revealed none.

We have carefully considered defendant's remaining arguments and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-0414-19